**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4292

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JONATHAN C. LONG, a/k/a Johnathan C. Long, a/k/a El Jay,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Roderick Charles Young, District Judge.  (4:22-cr-00037-RCY-LRL-1)

Submitted:  April 19, 2024                         Decided:  May 31, 2024

Before HARRIS and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Patricia A. René, THE RENÉ LAW FIRM, Williamsburg, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Brian Samuels, Assistant United States Attorney, Grace Bowen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Jonathan C. Long was convicted of conspiracy to possess with intent to distribute fentanyl, in violation of 21 U.S.C. § 846, possession with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), possession of a firearm by a felon, 18 U.S.C. §§ 922(g), 924(a)(2), and using or maintaining a premises to manufacture drugs, in violation of 21 U.S.C. § 856(a)(1). Long asserts that the district court erred in denying his motions to suppress evidence and sever the felon-in-possession charge from the other charges. He also challenges the sufficiency of the evidence and the substantive reasonableness of his 470-month sentence. We affirm.

"When reviewing a district court's ruling on a motion to suppress, [we review] conclusions of law de novo and underlying factual findings for clear error." *United States v. Fall*, 955 F.3d 363, 369-70 (4th Cir. 2020) (internal quotation marks omitted). "If, as here, the district court denied the motion to suppress, [we] construe[] the evidence in the light most favorable to the government." *Id.* (alterations and internal quotation marks omitted). "When reviewing factual findings for clear error, we particularly defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." *United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016) (internal quotation marks omitted). A court may not reverse the district court's factual finding "simply because it would have decided the case differently. Rather, a reviewing court must ask whether, on the entire

evidence, it is left with the definite and firm conviction that a mistake has been committed." *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021) (internal quotation marks omitted).

"Consent makes a search reasonable, functioning as an exception to both the warrant and probable-cause requirements of the Fourth Amendment." *United States v. Perry*, 92 F.4th 500, 512 (4th Cir. 2024). Consent can come from anybody with "common authority over or other sufficient relationship to the premises or effects sought to be inspected." *United States v. Matlock*, 415 U.S. 164, 171 (1974). "That is, as long as the person who consents has 'joint access or control for most purposes' over something, others with an interest in that effect will be seen to 'have assumed the risk' that the consenter might submit the object to the police to be searched." *Perry*, 92 F.4th at 512 (quoting *Matlock*, 415 U.S. at 171 n.7). We conclude that the district court did not err in finding that Long's now-wife gave valid consent to law enforcement to enter the apartment to conduct a protective sweep after both she and Long had exited. She was the lease holder and from all appearances had joint access or control over the premises. Long's arguments to the contrary lack merit.

Rule 29 of the Federal Rules of Criminal Procedure requires a district court, on the defendant's motion, to "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). We review de novo the district court's denial of a Rule 29 motion for a judgment of acquittal. *United States v. Smith*, 54 F.4th 755, 766 (4th Cir. 2022), *cert. denied*, 143 S. Ct. 1097 (2023). In conducting this review, we view the evidence in the light most favorable to the prosecution to determine whether substantial evidence supports the verdict. *Id*. "Substantial evidence

3

is evidence that a reasonable fact-finder could accept as adequate and sufficient to support a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted).  In assessing whether substantial evidence is present, we are "not entitled to assess witness credibility and must assume that the jury resolved any conflicting evidence in the prosecution's favor." *United States v. Robinson*, 55 F.4th 390, 404 (4th Cir. 2022) (internal quotation marks omitted).  "Defendants bear a heavy burden under this standard." *Smith*, 54 F.4th at 766 (internal quotation marks omitted).

We conclude that the evidence supports the finding that Long conspired with at least one other person to possess and distribute fentanyl.  We also conclude that the evidence was sufficient to show that Long possessed the fentanyl with intent to distribute it.  The evidence also supports the jury's conclusion that Long possessed a firearm in furtherance of a drug trafficking crime and that as a felon, he was prohibited from possessing a firearm.  And lastly, we conclude that the evidence supports Long's conviction for using and maintaining a residence for manufacturing and distributing fentanyl.

"Under Federal Rule of Criminal Procedure 8(a), a single indictment may charge a defendant with multiple counts if the offenses charged 'are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.'" *United States v. Branch*, 537 F.3d 328, 341 (4th Cir. 2008) (quoting Fed. R. Crim. P. 8(a)).  "Joinder of related charges is broadly permitted to avoid needless duplication of judicial proceedings, particularly where evidence of one charge would be admissible to prove another charge." *Id.* (citations omitted).  Even if offenses are properly joined, however, severance is appropriate if the defendant establishes that he

4

would be prejudiced by the joinder. Fed. R. Crim. P. 14(a). A defendant moving to sever counts in an indictment has the burden of making "a strong showing of prejudice," *Branch*, 537 F.3d at 341 (internal quotation marks omitted), and "it is not enough to simply show that joinder makes for a more difficult defense," *United States v. Goldman*, 750 F.2d 1221, 1225 (4th Cir. 1984). "[T]he district court's denial of a motion to sever should be left undisturbed, absent a showing of clear prejudice or abuse of discretion." *Branch*, 537 F.3d at 341. We conclude that the district court did not abuse its discretion in denying Long's motion to sever.

We review a sentence for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence must be "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing. 18 U.S.C. § 3553(a). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). We conclude that the district court adequately considered Long's arguments for a below-Guidelines sentence and the sentence is substantively reasonable.

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5